## SUPREME COURT.

### MARY E. LOCHLIN agt. SANDY CASLER.

*Costs — discontinuance without costs in action tried before referee.*

The plaintiff brought his action to recover damages and abate a nuisance. The cause was referred by consent. The referee failing to render his decision within the time allowed by statute, defendant's attorney served notice on plaintiff's attorney ending the reference, whereupon the plaintiff made a motion on affidavits showing a partial success on his part, for leave to discontinue without payment of costs:

*Held,* that in view of all the facts and motives of the parties in prosecuting and defending, plaintiff should be allowed to discontinue without costs of the prosecution and trial, on payment of ten dollars costs granted the defendant for opposing the motion.

*Herkimer Special Term,* 1876.

ACTION to recover damages and abate a nuisance. The case by consent of parties was referred. A trial was had before the referee; he allowed the time for making his report to expire, not having decided the matter, alleging as a reason for such delay that he did *not know* how to decide the case. Defendant's attorney served on plaintiff's attorneys a notice ending the reference, and thereupon a motion was made on part of the plaintiff for leave to discontinue the action without payment of costs. Other material features of the case appear in the opinion of the court.

Motion to discontinue without costs.

*Link & McEvoy,* for motion.

*H. Clay Hall,* opposed.

Lochlin agt. Casler.

HARDIN, *J.*—The action is most clearly on the equity side of the court, and therefore the costs are within the discretion of the court (*Code, sec.* 306). The case, doubtless, was close upon the merits or the referee would not have hesitated and held his decision. The affidavit read on the motion shows a partial success by the plaintiff, as some of the matters complained of have been abated by the voluntary act of the defendant. This appears by an affidavit not denied by the defendant. This fact must be considered upon the question of good faith, and, taken in connection with the other facts brought out on this motion, it must lead to the conclusion that the action was instituted in good faith by the plaintiff and prosecuted in good faith. It may be assumed the defense was put in in good faith, and would be conducted in good faith, until a decision upon the merits.

This application to discontinue must be disposed of in the light of all the facts, and the motives of the parties in prosecuting and defending the action. Courts do not favor the prosecution or defense of actions merely for costs.

The conclusion is reached that the plaintiff should be allowed to discontinue this action upon payment of costs, ten dollars, of opposing this motion, and without costs. Let an order be entered accordingly.

NOTE.—This case is somewhat novel in some of its features. The plaintiff would seem to have succeeded to a certain extent, as appears by his affidavit on this motion; some of the matters complained of having been abated by the voluntary act of defendant since the suit was brought. But for the singular action of the referee for which he certainly offers a reasonable excuse, though a somewhat novel and unusual one, *i. e., his want of ability to decide the case,* the result to the plaintiff might, perhaps, have been somewhat different. — [REP.